KLEES, Judge.
Plaintiff, Evelyn Owens, filed this suit against the defendants, Regional Transit Authority (“RTA”) and John Green, to recover damages for personal injury and loss of property when Ms. Owens was allegedly mugged while a passenger aboard an RTA bus operated by John Green. The trial court rendered judgment in favor of defendants dismissing the suit. We affirm.
On April 26, 1986, plaintiff was a fare-paying passenger aboard a bus owned by the RTA and operated by John Green. Ms. Owens was sitting on the left side of the bus in an aisle seat with her purse in her lap and a canvas book sack at her right side. At some point during the ride, Ms. Owens claims that she was struck on the head from behind, leaving her unconscious. Her handbag was allegedly stolen, and she fell to the floor. When Ms. Owens regained consciousness, she alerted Mr. Green who eventually stopped the bus and reported the incident by phone to the New Orleans Police Department and the RTA. Ms. Owens alleges several injuries to her person along with the loss of her purse as damages occasioned as a result of the incident. The trial court rendered judgment in favor of the defendants finding that the driver could not have anticipated the “mugging” and therefore had no duty to prevent the incident from occurring. Plaintiff has appealed that judgment.
Plaintiff argues that the RTA owes the highest degree of care to its passengers and any negligence, however slight, will result in the liability of the RTA as a common carrier. However, the “highest degree of care” standard does not apply in this situation. The Supreme Court enunciated the proper standard to follow in Rodriguez v. NOPSI, 400 So.2d 884 (La.1981). That court expressly held that the “highest care” standard should not be applied to attacks committed on public carriers’ vehicles. Rather, the carrier will be held to the same duty as a reasonable business establishment with respect to hazards not associated with the peculiar nature of carriage of passengers. Citing Rodriguez, supra, this court held in Pinkney v. Miller, 439 So.2d 1113 (La.App. 4th Cir.1983), writ den. 444 So.2d 117, that:
Owners of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who do enter. (Citations omitted) This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers ... When the independent, intentional tortious or criminal acts of a third person constitute the unreasonable risk, this duty does not require the proprietor to risk physical injury or civil or criminal liability by physical intervention. Rather, the duty can be discharged by the summoning of those entrusted by law with the power of immediately maintaining the peace, the police, at the time the proprietor knows or should reasonably know of the third person’s intention and apparent ability to execute the intended acts. (Our emphasis) (Citations omitted)
In the case at bar there is no evidence indicating that Green should have anticipated the attack. The plaintiff herself did not ever see her assailant. After reviewing the evidence in a light most favorable to the plaintiff, we find that the defendants did not breach any duty owed to Ms. Owens.
*872 Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED